# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL HILL,** | : | Civil No. 4:18-cv-212 |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **TROOPER T.R. HAVENS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

The plaintiff in this action, Nathaniel Hill, is a state inmate currently in the custody of the Lycoming County Prison, while he awaits transfer to the Pennsylvania Department of Corrections for service of a prison sentence. He is proceeding *pro se* in this action, which he has brought against three Pennsylvania State Police troopers and the Pennsylvania State Police, alleging that he was subjected excessive force during the course of an arrest in Williamsport in January, 2017, and that he was subsequently denied medical treatment for injuries he sustained during this incident. The plaintiff initiated the lawsuit by filing a complaint on January 31, 2018. (Doc. 1.) He filed an amended complaint on March 28, 2013. (Doc. 11.)

On June 1, 2018, the defendants moved to dismiss the amended complaint. (Doc. 17.) The defendants timely filed a brief in support of the motion on June 15, 2018. (Doc. 18.) After the plaintiff failed to respond to the motion within 14 days as required by Local Rule 7.6, the Court entered an Order on July 10, 2018, directing the plaintiff to respond on or before July 24, 2018. (Doc. 19.)

Misunderstanding the purpose of this Order, and incorrectly believing that the Order had the effect of dismissing his lawsuit, the plaintiff has filed a document captioned as a "Motion to Reopen Case," and has requested that he be appointed a lawyer or paralegal to assist him in preparing a response. For the reasons that follow, the plaintiff's request for appointment of counsel will be denied at this time, and he will once again be directed to file a response to the defendants' motion.

## II. **DISCUSSION**

### A. **Plaintiff's Motion for Appointment of Counsel Will Be Denied.**

To the extent the plaintiff's motion can be construed as a motion for the appointment of counsel, it will be denied. We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize and emphasize that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court

may request an attorney to represent any person unable to employ counsel." Under § 1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58. In *Parham*, the Third Circuit Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel. In passing upon such requests, the court must first

> determine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457.

There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation

> without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157. Mindful of this consideration, it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity . . . . Because this resource is available only in limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)." *Id.*

In this case, analysis of these factors leads the Court to conclude that counsel should not be appointed in this case at the present time. Thus far, the plaintiff has proven capable of filing two complaints, each of which simply and concisely states the factual basis for the claims. Although the plaintiff lacks legal training, the legal issues in this case and the defendants' motion are not particularly complex, and it does not appear at this stage that an extensive or complex amount of factual investigation will be required, or that expert testimony will be necessary. Furthermore, it is difficult to assess the merits of the plaintiff's claims at such an

early stage of the litigation, thus cautioning us against soliciting scarce *pro bono* legal services on his behalf at this point in time.

For all of the reasons, the plaintiff's request for appointment of counsel to assist him will be denied without prejudice to reconsideration of this issue at a later point should circumstances warrant.

**B.     The Plaintiff Must Respond to the Defendants' Motion.**

The purpose of the Court's July 10 Order was to compel the plaintiff to respond to the defendants' motion to dismiss, in which the defendants argue that the plaintiff has not stated a claim upon which relief may be granted, and that the plaintiff failed to exhaust administrative remedies before filing suit, in violation of the Prison Litigation Reform Act. To the extent the plaintiff misunderstood the Court's Order as dismissing his complaint, we trust that this Order has clarified for him that the amended complaint <u>has not been dismissed</u>. However, the defendants are seeking to have the complaint dismissed, and the plaintiff must respond to the defendants' motion and the legal arguments they have made to avoid having the motion granted as unopposed.

Local Rule 7.6 provides that "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the [moving party's] brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion." LR 7.6. Because the

plaintiff previously failed to comply with this rule, the Court issued an Order on July 10, 2018, requiring the plaintiff to respond by July 24, 2018. Apparently confused by the Court's earlier Order, the plaintiff appears not to have prepared a substantive response and may require additional time to do so, which we will authorize below. The plaintiff is hereby notified, however, that if he fails to respond to the motion as directed by this Order, the motion may be deemed to be unopposed, and the case dismissed.

## III. <u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion to reopen this action is DENIED, since the case has not been dismissed or closed.

2. The plaintiff's motion for appointment of counsel is DENIED without prejudice to reconsideration of this issue as this litigation progresses.

3. The plaintiff shall file a response to the defendants' motion to dismiss on or before **Friday, August 3, 2018**.

4. Pursuant to Local Rule 7.7, the defendants may file a reply brief on or before **Friday, August 17, 2018**.

So Ordered this 20th day of July, 2018.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

6