## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL HILL,

      Plaintiff.

      v.

TROOPER T.R. HAVENS, et al.,

      Defendants.

No. 4:18-CV-00212

(Judge Brann)

(Magistrate Judge Carlson)

## MEMORANDUM OPINION

### AUGUST 31, 2018

Defendants moved to dismiss the Amended Complaint filed by Plaintiff, Nathaniel Hill.  For the reasons that follow, that motion will be granted.

## I.    BACKGROUND

On June 1, 2018, Mr. Hill filed an Amended Complaint alleging that Defendant Havens, a trooper with the Pennsylvania State Police, deliberately hit Petitioner with a police car and that Defendant Dammer, a fellow trooper, "kicked [Petitioner] in the chest."  The Amended Complaint, however, admits that both of these events occurred while Mr. Hill was attempting to evade arrest by Defendants.[1]

---

[1]    ECF No. 11.  The Amended Complaint also named the Pennsylvania State Police and Brandon Shrawder (another trooper) as Defendants, and contained claims for inadequate medical care.  Those Defendants and claims, as will be discussed *infra*, were analyzed in a Report and Recommendation and will be dismissed.

The Amended Complaint refers to a "not[a]rized affidavit[]" for further elucidation of Mr. Hill's claims. The affidavit in question, signed by Trooper Havens, indicates that, rather than being struck by Trooper Havens's vehicle, Mr. Hill instead "ran into the front right of [that] vehicle and fell to the ground."[2] The affidavit also indicates that Trooper Dammer kicked Mr. Hill only after Mr. Hill refused an order to remain on the ground.[3]

Defendants moved to dismiss Mr. Hill's Amended Complaint.[4] In a Report and Recommendation on that motion, Magistrate Judge Martin C. Carlson recommended that this Court dismiss the Pennsylvania State Police and Trooper Brandon Shrawder as defendants and dismiss Mr. Hill's claim for inadequate medical care.[5] Because no objections were filed to that Report and Recommendation, and because this Court finds no plain error on the face of the record vis-à-vis those two recommendations,[6] it will adopt that portion of the Report and Recommendation, dismiss the Pennsylvania State Police and Trooper Brandon Shrawder as defendants, and dismiss Mr. Hill's claim for inadequate medical care.

---

[2]  ECF No. 27.

[3]  *Id.*

[4]  ECF No. 17.

[5]  ECF No. 25.

[6]  *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010).

## II.     DISCUSSION

### A.     Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[7] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[8] the court does not, however, assume the truth of any of the complaint's legal conclusions.[9] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[10]

Although this Court may not usually consider matters outside the pleadings without converting a motion to dismiss into a motion for summary judgment, it may consider "documents integral to or explicitly relied upon in the complaint"— *e.g.*, Trooper Havens's affidavit—without effecting such a conversion.[11] Further, "[w]here there is a disparity between a written instrument annexed to a pleading

---

[7]     Federal Rule of Civil Procedure 12(b)(6).

[8]     *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[9]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[10]     *Id.*

[11]     *Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004).

and an allegation in the pleading based thereon, the written instrument will control."[12]

### B. Mr. Hill's Excessive Force Claim

In considering Fourth Amendment excessive force claims, this Court must consider "whether, under the totality of the circumstances, [the arresting] officers' actions are objectively reasonable in light of the facts and circumstances confronting them."[13] Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight."[14] The United States Supreme Court has cautioned, however, that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, . . . violates the Fourth Amendment."[15] Instead, the reasonableness inquiry "must embody allowance for the fact that police officers are often forced to make split-second judgment—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."[16]

---

[12]  *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994).

[13]  *Graham v. Connor*, 490 U.S. 386, 397 (1989).

[14]  *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).

[15]  *Graham*, 490 U.S. at 386.

[16]  *Id.* at 396-97.

Under this standard, Mr. Hill's excessive force claim against Trooper Dammer must be dismissed. The Amended Complaint's allegations, together with Trooper Havens's affidavit, indicate that Trooper Dammer kicked Mr. Hill in the chest in the course of an arrest, after Mr. Hill had attempted to flee, and after Mr. Hill had refused orders to remain on the ground. As a matter of law, no jury could find this conduct "unreasonable" under the Fourth Amendment,[17] and Mr. Hill's excessive force claim against Trooper Dammer will be dismissed.

Mr. Hill's excessive force claim against Trooper Havens must also be dismissed. Although the Amended Complaint alleges that Mr. Havens deliberately struck Mr. Hill with a vehicle, the Trooper Havens's affidavit indicates that Mr. Hill actually "ran into" that vehicle. Because this "written instrument annexed to the pleading" directly contradicts Mr. Hill's allegation, the "written instrument [must] control."[18] Because there remains no allegation of force actually used by Trooper Havens, Mr. Hill's excessive force claim against him fails as a matter of law and will be dismissed.

---

[17] *See Gunter v. Township of Lumberton*, 535 Fed. Appx. 144, 147 (3d Cir. 2013) (holding that "officers' use of a sweeping kick to force [a resisting arrestee] to the ground" did not constitute excessive force).

[18] *ALA, Inc.*, 29 F.3d at 859 n.8.

## III.    CONCLUSION

For the reasons discussed above, Mr. Hill's complaint will be dismissed in its entirety.    Because this Court finds that amendment would be futile, that dismissal will be with prejudice.[19]

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[19]    *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).